---

### OLIVER *v*. THE STATE, 5 Howard, 14.

#### LARCENY.

The time of the commission of the offense laid in the indictment is not material, and it does not confine the proof within the limits of that period ; the indictment will be satisfied by proof of the offense at any anterior day.[1]

The act of 1839 guards against the effect of repealing the act of 1822, but expressly providing that it shall not affect any case subject to punishment under the act of 1822, or any former law.

When reference is made in the bill of exceptions to a paper by a particular mark, as being part of the bill of exceptions, this reference must clearly appear, or the court will not presume the paper in the record to be the same referred to in the bill. The evidence, if to be reviewed by the appellate court, must be certified by the court below.

On the trial of the prisoner on an indictment, the evidence taken before the com-mitting magistrate cannot be legally introduced.

Where a prisoner has been found guilty on a charge of larceny, and the court be-low pronounced an illegal sentence, the appellate court will reverse the sentence, and pronounce judgment in conformity to the statute.

[1] Wharton Am. Cr. Law, 261, 599 ;  Com. v. Alfred, 4 Dana, 496 ;  People v. Sant-voord, 9 Cow., 660 ; 1 Chitty Cr. Law, 557 ; State v. Munger, 15 Verm., 291 ; Com. v. Braynard, Thacher's C. C., 146 ; Johnson v. United States, 3 McLean, 89 ; State v. Woodman, 3 Hawks. 384 ; Jacobs v. Com., 5 S. & R., 316 ; State v. Baker, 4 Reding. 52 ; Com. v. Dillane, 1 Gray, 483 ; U. S. v. McCormick, 4 Cranch C. C. R., 104 ; Com. v. Kelly, 10 Cush., 69 ; State v. Hewson, Jones Law (N. C.), 173 : Medlock v. State, 18 Ark., 363 ; People v. Littlefield, 5 Cal., 355 ; State v. Porter, 10 Rich. Law (S. C.) 145 ; People v. Jenness, 5 Mich., 305 ; McDade v. State, 20 Ala., 81 ; State v. Baker, 34 Maine, 52 ; Archb. Cr. Pr. & Pl., 276–279 ; ib., 389, 1018, notes ; Wharton's Prec. Idict., 2 notes ; Bishop Cr. Procedure, 250, 253 ; Loftus v. Commonwealth, 3 Gratt., 631 ; State v. Rollett, 6 Iowa, 535 ; Miazza v. State, 36 Miss, 603 ;  Charnack's case, Holt, 301–302 ;  State v. Grey, 39 Me., 52 ;  Cook v. State, 11 Ga., 53 ;  2 Hale P. C., 179 ; 1 Phill. Ev. (Cow. & Hill's notes), 854, notes ; Kelyng, 16 ; 3 Greenl. Ev. 152, notes.

TROTTER, J.:

The plaintiff in error was indicted in the circuit court of the county of Marshall for larceny. The indictment contains four counts. The first charges the stealing, etc., of one promissory note on McEwen, King & Co. for the payment of fifty dollars. The second is for stealing five promissory notes, but does not state that they were promissory notes for the payment of money. All the notes are alleged to be the property of Gideon Blythe and Benjamin Blythe. The jury found a verdict of guilty against the prisoner, and assessed the value of the property at sixty dollars. The offense is laid in each count of the indictment to have been committed on the 1st day of September, 1839. Two bills of exceptions were taken, and appear upon the record. One of these bills recites that the prisoner moved the court to exclude from the jury all the evidence on the part of the prosecution, on the ground which is recited, that it appeared from this evidence that the offense was committed anterior to the time when the act of 1839 upon the subject of crimes and punishments and the penitentiary went into operation. The court refused to allow the motion. The prisoner then moved for a new trial and an arrest of judgment on the grounds contained in the first bill of exceptions, and also, because it was alleged the act of 1839, which changed the law of 1822, operated as a pardon of the offense. The court overruled both motions.

Several errors have been assigned, but it is not deemed necessary to notice any, except the following, the others having been disposed of in the opinion given by this court during the present term in the case of Greeson v. State, (infra. p. 33.)

1st. The court erred, it is said, in refusing to exclude the evidence on the ground stated in the bill of exceptions. 2d. The court erred in overruling the motion in arrest of judgment; and 3d. In not deciding that the act of 1839 operates as a statutory pardon.

1st. It is said the court should have rejected the evidence. Taking it for granted, as assumed by the prisoner, that the evidence objected to established the commission of the offense before the time at which the act of 1839 went into operation, it yet by no means follows, that the evidence should have been

excluded.   The time laid in the indictment is not material, and
does not confine the proof within the limits of that period.   The
indictment was satisfied by proof of the offense at any anterior
day.   This is well settled, and it is not necessary to refer to
authorities to sustain it.   The court had nothing to do with the
act of 1822 or that of 1839 in deciding upon this motion.   The
proof was equally competent whether the act of 1839 or the act
of 1822 was the law under which the defendant was to be pun-
ished if found guilty.   It is true that if the act of 1839 had
repealed that of 1822, the defendant might have claimed the
benefit of the statutory pardon.   But the act of 1839 expressly
guards against that consequence by providing that it shall not
affect any cases subject to punishment under the act of 1822, or
any former law.   The only question then for the court was,
whether the proof tended to establish the guilt of the prisoner as
stated in the bill of indictment, and if so, it could not be ex-
cluded.   The effect of a verdict of guilty was another.   But we
cannot notice the objection, for the reason that the evidence
which went to the jury is not stated in the record.   It is true
that the bill of exceptions refers to some extrinsic paper or docu-
ment which is said to be marked B, and to be considered as a
part of the bill of exceptions.   But what that document is, we
do not know; for, on looking through the record, we find no
document which has such a mark, or is otherwise identified.   It
is true there is in the subsequent history of the cause, a document
which appears to be an exemplification of the warrant of arrest,
and of the depositions taken before the justice of the peace.   But
this document has no mark of identity with the one referred to
by the judge in the bill of exceptions.   And we cannot presume
that this was the paper or document referred to, because it was
not competent evidence before the jury.   The depositions taken
before the magistrate are not evidence on the trial in the circuit
court.   We cannot, therefore, presume that it was the instrument
of evidence indicated in the bill by the letter B.   This case fully
illustrates the policy of the rule which excludes from the consid-
eration of the court matter of exception so loosely presented.
The bill of exceptions must contain the matter of exception, and
this court has so held repeatedly.   Berry v. Hale, 1 How., 318;

Cox Dig., 104. The judge has not certified to this court what the evidence was—and it is by his certificate alone that we can learn it. There is a certain method of communication between an appellate and an inferior tribunal. The evidence which formed the subject of the motion now under consideration has not been made known to us in any of the modes recognized by law. We cannot, therefore, notice it. 2d. This view of the subject is a sufficient answer to the other assignments of error; because it leaves us with no criterion by which to determine, save the bill of indictment and the verdict of the jury. The law requires us to presume that the verdict was fully sustained by the proof. How does the question then stand? The verdict finds the defendant guilty of the larcenies charged in the indictment, which are there charged to have been committed on the 1st day of September, 1839, and finds the value of the property stolen to be sixty dollars. What is the judgment of the law on these facts? This question is easily answered. The 63d section of the act of 1839, "to amend the acts of this state concerning crimes and punishments and the penitentiary," provides that any person who shall be convicted of the feloniously taking and carrying away the personal property of another, of the value of more than twenty-five dollars, shall be adjudged guilty of grand larceny, and shall be imprisoned in the penitentiary for a term not exceeding five years. The judgment of the court below must therefore be reversed, and rendered here in pursuance of this opinion, that the prisoner be confined in the penitentiary of this state for the term of one year, as the law directs.